1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JEFFERSON A. McGEE,

11          Plaintiff,                        No. CIV S-09-0740 GEB EFB PS

12          vs.

13   STATE OF CALIFORNIA,

14          Defendant.                        ORDER
     _____/

15

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned pursuant to 28 U.S.C. § 636(b)(1) and E. D. Cal. L. R. ("Local Rule")

18   72-302(c)(21).

19        Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*,

20   and has submitted the affidavit required thereunder which demonstrates that he is unable to

21   prepay fees and costs or give security thereof.  Accordingly, plaintiff's request to proceed *in*

22   *forma pauperis* will be granted.  28 U.S.C. § 1915(a).

23        However, the determination that plaintiff may proceed *in forma pauperis* does not

24   complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

25   dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious,

26   fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

1

defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Thus, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (Fed. R. Civ. P. 12(b)(6)). To avoid dismissal, the complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (emphasis deleted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, unless it is clear that no amendment can cure its defects, a *pro se* litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including

1    pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distributors*,

2    798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings*

3    *and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

4            In reviewing a complaint under these standards, the court must accept as true the

5    allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738,

6    740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve doubts

7    in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Additionally, although

8    *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972),

9    the court's liberal interpretation of a pro se complaint may not supply essential elements of a

10   claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992);  *Ivey v. Bd. of*

11   *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not

12   required to accept legal conclusions cast in the form of factual allegations if those conclusions

13   cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d

14   752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

15   unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

16   1981).

17           Finally, a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the

18   Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

19   statement of the claim showing that the pleader is entitled to relief," "in order to 'give the

20   defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell*

21   *Atlantic Corp., supra*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

22           The court notes initially that plaintiff is a frequent *pro se* litigant in this court.  A cursory

23   review of the court's dockets indicates that plaintiff has filed over ten complaints.  The instant

24   complaint generally challenges "the State of California's Policy of Discriminating Against

25   African Americans in Law Enforcement Programs and Activities."  Limiting the challenged

26   programs to those receiving federal and state financial assistance, plaintiff asserts that this court

1   has jurisdiction pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq*,

2   and the California Unruh Civil Rights Act, California Civil Code §§ 51 and 52.  Plaintiff broadly

3   alleges conduct in violation of these provisions by "the State of California Department of Fair

4   Employment and Housing, the State of California Department of Justice, the State of California

5   Department of Alcoholic Beverage Control, the County of Sacramento, the City of Sacramento,

6   the City of Elk Grove, and City of Citrus Heights, the Elk Grove Unified School District and

7   their law enforcement officers. . . " Dckt. No. 1, at 2; *see also*, ¶ 8 (naming the "Elk Grove

8   School District Police Department").

9        Although plaintiff names only the State of California as defendant on the title page of his

10   complaint, he names several other entities (noted above) and individuals throughout his

11   complaint.  For example, plaintiff states that the following individuals "worked in concert to

12   unlawfully seize plaintiff's property and to unlawfully keep plaintiff and his family away from

13   their business and residence by use of intimidation by threats of violence and threats of arrest" –

14   "James Stinson, Mel Di Salvo, Willie Richardson, John Lawrence Tiner, John Benjamin Timer,

15   John McGuiness. Lou Blanas, Thomas Hogan, Edward Brenner, and John T. White."  Compl., at

16   18.  Elsewhere plaintiff appears to name as defendants, *inter alia*, Arnold Schwarzenegger, Gray

17   Davis, Peter Wilson, Edmund G. Brown Jr., William Lockyer, Daniel Lungren, Jan Scully and

18   Thomas Hogan.  *Id.* at 6-7.

19        Plaintiff indicates that this action is brought on behalf of himself, "doing business as

20   McGee and Associates, and Valley Hi Sports Bar & Grill."  Compl., at ¶ 4.  He indicates that it

21   is his intent to pursue a class action, noting that "Albert Glen Thiel, Anthony Lee, Javon Drake,

22   Donald Venerable, Milton Baker, plaintiff, and their families consist of adult and minor citizens[1]

23   of the United States who are predominately African Americans who have been denied their

24   rights secured by Title 42 §§ 1981, 1982 and 2000 and Cal. Civ. Code § 51 and 52 by the racial

25

26          [1]  "[A] parent or guardian cannot bring an action on behalf of a minor child without
retaining a lawyer."  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

1  discriminatory polices of the State of California as set forth in this complaint."  Compl., at ¶ 5;

2  *see also* ¶ 11, adding Tibita Whittin.

3        In addition, throughout his complaint, plaintiff expands the legal bases upon which he

4  brings this action, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 2000a, Cal. Gov't

5  Code §§ 11135 *et seq*., and the Fourteenth Amendment.  Plaintiff alleges generally that he and

6  others have been denied adequate law enforcement protections, unequal to that provided white

7  citizens, Compl., at ¶ 11; that government officials and some private citizens have participated in

8  a "vast racially motivated conspiracy to violate plaintiff's and others rights," including

9  conspiring, or aiding or inciting others, to commit against plaintiff and others "attempted

10 murder; attempted kidnap; torture; assault with a deadly weapon; assault; battery; intimidation

11 by threats of violence; extortion; false imprisonment; malicious prosecution; robbery; burglary;

12 breaking and entering into plaintiff's property; perjury; forgery; unlawful sexual conduct; and

13 unlawful search and seizure of plaintiff's property causing plaintiff to lose income."  Compl., at

14 ¶ 12.

15        In short, the court is unable to ascertain the precise conduct plaintiff challenges, against

16 which defendant(s), and on what legal bases.  The court will therefore dismiss the complaint for

17 failure to state a claim, as well as failure to comply with the requirements of Fed. R. Civ. P. 8(a)

18 (i.e., that the complaint set forth a short and plain statement of the claim(s), showing entitlement

19 to relief and giving the defendant(s) fair notice of the claim(s) against them).

20        Plaintiff is cautioned that should he file an amended complaint, his original complaint

21 will no longer serve any function in this case.  "[A] plaintiff waives all causes of action alleged

22 in the original complaint which are not alleged in the amended complaint," *London v. Coopers &*

23 *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint

24 are no longer defendants, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

25        Accordingly, IT IS HEREBY ORDERED that:

26        1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the filing date of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and be labeled "Amended Complaint."

4.  Failure to timely file a cognizable amended complaint, or to comply with the Federal Rules of Civil Procedure, this court's local rules, or the instant order, will result in a recommendation that this action be dismissed.

SO ORDERED.

DATED:  October 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE