IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. McGEE and PERSONS SIMILARLY SITUATED,

Plaintiffs,

vs.

THE STATE OF CALIFORNIA, et al.,

Defendants.

No. CIV S-09-0740 GEB EFB PS

ORDER AND FINDINGS AND RECOMMENDATIONS

_______________________________/

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On October 19, 2009, the undersigned granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismiss plaintiff's complaint with leave to amend. Dckt. No. 3. That order explained that the determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

The October 19, 2009 order further stated:

> The court notes initially that plaintiff is a frequent pro se litigant in this court. A cursory review of the court's dockets indicates that plaintiff has filed over ten complaints. The instant complaint generally challenges "the State of California's Policy of Discriminating Against African Americans in Law Enforcement Programs and Activities." Limiting the challenged programs to those receiving federal and state financial assistance, plaintiff asserts that this court has jurisdiction pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq*, and the California Unruh Civil Rights Act, California Civil Code §§ 51 and 52. Plaintiff broadly alleges conduct in violation of these provisions by "the State of California Department of Fair Employment and Housing, the State of California Department of Justice, the State of California Department of Alcoholic Beverage Control, the County of Sacramento, the City of Sacramento, the City of Elk Grove, and City of Citrus Heights, the Elk Grove Unified School District and their law enforcement officers. . . ." Dckt. No. 1, at 2; *see also,* ¶ 8 (naming the "Elk Grove School District Police Department").
>
> Although plaintiff names only the State of California as defendant on the title page of his complaint, he names several other entities (noted above) and individuals throughout his complaint. For example, plaintiff states that the following individuals "worked in concert to unlawfully seize plaintiff's property and to unlawfully keep plaintiff and his family away from their business and residence by use of intimidation by threats of violence and threats of arrest" – "James Stinson, Mel Di Salvo, Willie Richardson, John Lawrence Tiner, John Benjamin Timer, John McGuiness. Lou Blanas, Thomas Hogan, Edward Brenner, and John T. White." Compl., at 18. Elsewhere plaintiff appears to name as defendants, *inter alia*, Arnold Schwarzenegger, Gray Davis, Peter Wilson, Edmund G. Brown Jr., William Lockyer, Daniel Lungren, Jan Scully and Thomas Hogan. *Id.* at 6-7.
>
> Plaintiff indicates that this action is brought on behalf of himself, "doing business as McGee and Associates, and Valley Hi Sports Bar & Grill." Compl., at ¶ 4. He indicates that it is his intent to pursue a class action, noting that "Albert Glen Thiel, Anthony Lee, Javon Drake, Donald Venerable, Milton Baker, plaintiff, and their families consist of adult and minor citizens of the United States who are predominately African Americans who have been denied their rights secured by Title 42 §§ 1981, 1982 and 2000 and Cal. Civ. Code § 51 and 52 by the racial discriminatory polices of the State of California as set forth in this complaint." Compl., at ¶ 5; *see also* ¶ 11, adding Tibita Whittin.
>
> In addition, throughout his complaint, plaintiff expands the legal bases upon which he brings this action, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 2000a, Cal. Gov't Code §§ 11135 *et seq*., and the Fourteenth Amendment. Plaintiff alleges generally that he and others have been denied adequate law enforcement protections, unequal to that provided white citizens, Compl., at ¶ 11; that government officials and some private citizens have participated in a "vast racially motivated conspiracy to violate plaintiff's and others rights," including conspiring, or aiding or inciting others, to commit against plaintiff and others "attempted murder; attempted kidnap; torture; assault with a deadly weapon; assault; battery; intimidation by threats of violence;

> extortion; false imprisonment; malicious prosecution; robbery; burglary; breaking and entering into plaintiff's property; perjury; forgery; unlawful sexual conduct; and unlawful search and seizure of plaintiff's property causing plaintiff to lose income." Compl., at ¶ 12.
>
> In short, the court is unable to ascertain the precise conduct plaintiff challenges, against which defendant(s), and on what legal bases. The court will therefore dismiss the complaint for failure to state a claim, as well as failure to comply with the requirements of Fed. R. Civ. P. 8(a) (i.e., that the complaint set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them).

Dckt. No. 3 at 4-5 (internal footnote omitted).

Despite these admonishments, plaintiff thereafter filed a one hundred forty-three (143) page amended complaint and a one hundred fifty-five (155) page second amended complaint, both of which suffer from many of the same defects as plaintiff's previously lodged complaint. Upon review of both the amended complaint and the second amended complaint, it appears that plaintiff has disregarded the court's admonishments regarding Rule 8 and regarding other aspects of his pleading and claims.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to plead "factual content that allows the court to draw reasonable that the defendant is liable for the misconduct alleged. " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

DISMISSAL OF COMPLAINT

The court finds that plaintiff's amended complaint and second amended complaint fail to comply with Fed. R. Civ. P. 8(a)(2), in that they do not contain a short and plain statement of plaintiff's claims showing entitlement to relief. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must state the elements of the claim sufficient to put defendants fairly on notice of the claims against them. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's amended complaint and second amended complaint fail to concretely put any of the numerous named defendants on notice of how their specific action(s) resulted in a violation of plaintiff's civil rights.

Additionally, because of the lack of brevity, the court cannot determine whether the amended complaint and second amended complaint are frivolous or whether they can be amended to state a claim. Plaintiff appears to allege that he was treated disparately based on his race. To state a claim for a violation of the equal protection clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976). Based on the conclusory allegations, plaintiff alleges that the State of California, its attorneys, officers, municipalities, agencies, employees, and all persons acting in concert with it, are all engaged in a conspiracy, the goal of which is to discriminate against African Americans, Latin Americans, and Asian Americans in California in

violation of Title IX of the Civil Rights Act of 1964. Plaintiff, however, merely addresses a litany of what he believes to be actions taken by the State of California in furtherance of a racially discriminatory conspiracy. At no point does plaintiff sufficiently demonstrate that any of the named defendants acted with specific racial animus or discriminatory intent. Plaintiff merely concludes that each of the actions taken by defendants were fueled by racial animus. Therefore, plaintiff has not stated a claim for violation of the equal protection clause.

Additionally, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claims against private persons are thus improper under § 1983. Further, since there is no respondeat superior liability under § 1983, municipalities (and their departments) may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under *Monell*). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Wash. County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."[1] *Monell*, 436 U.S. at 690-91.

---

[1] "The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984); *see also*

To the extent plaintiff seeks to pursue claims under 42 U.S.C. § 1983 against prosecutorial defendants, plaintiff is reminded that "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case."). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Additionally, plaintiff's claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). Thus, plaintiff's claims for damages against these state defendants cannot proceed.

Similarly, plaintiff fails to state a claim under § 1985. Section 1985 proscribes conspiracies to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990). To state a claim for conspiracy under § 1985(3), a plaintiff must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or

---

*Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Further, a plaintiff must allege that some racial, or class-based, invidiously discriminatory animus lay behind the conspirators' action. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, (1993) (internal citations and quotations omitted)).

Here, plaintiff fails to allege a conspiracy between the defendants, let alone one that was aimed at interfering with his constitutional rights. *Butler*, 281 F.3d at 1028. Again, plaintiff has failed to state any basis for his claims of racial animus and has provided this court only with a list of instances that he believes show that he has suffered discrimination at the hands of the state. Plaintiff, however, has not stated anything to indicate that the actions of defendants were propelled by racial animus. He relies solely on his own conclusory allegations in formulating his assertions. Thus, plaintiff fails to state a claim under § 1985.

Because it appears plaintiff alleges no basis for this court's jurisdiction and fails to articulate a cognizable claim for relief, and because plaintiff continues to fail to comply with the requirements of Rule 8, as discussed above, the court must dismiss the complaint. However, plaintiff is granted leave to file a third amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file a third amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Plaintiff is informed that plaintiffs are not lawyers, and may not represent individuals or a class. It is well established that a layperson cannot ordinarily represent the interests of a class.

*See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

REQUEST TO PERMIT THE ATTORNEY GENERAL TO INTERVENE

Plaintiff requests that the Court "permit the Attorney General to intervene, and certify that this case is of general public importance pursuant to Title 42 U.S.C. § 2000a-3." Dckt. No. 6. Because the amended complaint and second amended complaint are dismissed, plaintiff's request is denied without prejudice.

TEMPORARY RESTRAINING ORDER

Plaintiff also seeks a temporary restraining order preventing the State of California and her attorneys, officers, municipalities, agencies, employees, and all persons in active concert with them:

> (1) from continuing to use intimidation by threats of violence and threats of arrest to prevent plaintiff and his family from returning to his residence located at 5617 Bonniemae Way Sacramento, California 95824 and his personal property; and (2) from further prosecuting the unlawful detainer action in the matter of *McGee v. McGee et al.*, No. 09UD12194.

Dckt. No. 8 at 1; *see also* Dckt. No. 7. Plaintiff contends that "the State of California, Thomas M. Hogan, and other persons are using law enforcement programs and activities receiving federal financial assistance to unlawfully prevent plaintiff and his family from the same rights, in the State of California as is enjoyed by European American citizens," and that plaintiff and his family "will suffer irreparable injury" if defendants are not restrained or enjoined. Dckt. No. 8 at 1-2.

Plaintiff fails to meet the requirements for a temporary restraining order. "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Resources Defense Council, Inc*., that the moving party must demonstrate that, absent an injunction, irreparable injury is not only possible, but likely. *Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 375-76 (2008)*; Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id*. (quoting *Winter,* 129 S.Ct. at 375-76).

Here, plaintiff's amended complaint and second amended complaints are dismissed; therefore, necessarily plaintiff has not shown any likelihood of success on the merits. Moreover,

Federal Rule of Civil Procedure 65(b) specifically provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Local Rule 231(a) also provides that "Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice . . . . Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested." Plaintiff's temporary restraining order motions did not include either (1) an affidavit or a verified complaint showing that immediate and irreparable injury, loss, or damage would result to plaintiff before defendants could be heard in opposition, or (2) a certification in writing that efforts were made to give notice or reasons why notice should not be required. Based on the record before the court, it appears that none of the defendants have been provided with actual notice of plaintiff's temporary restraining order motions. Therefore, the undersigned will recommend that the temporary restraining order motions be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint and second amended complaints, Dckt. Nos. 4 and 5, are dismissed with leave to amend;

2. Plaintiff's motion to permit the Attorney General to intervene, Dckt. No. 6, is denied; and,

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Failure to timely file an amended complaint in

accordance with this order will result in a recommendation this action be dismissed.

IT IS FURTHER RECOMMENDED that plaintiff's motions for a temporary restraining order, Dckt. Nos. 7 and 8, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE