IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. McGEE,

        Plaintiff,                  No. CIV S-09-0740 GEB EFB PS

    vs.

THE STATE OF CALIFORNIA, et al.,

        Defendants.           <u>ORDER AND</u>
                                    <u>FINDINGS AND RECOMMENDATIONS</u>

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On October 19, 2009, the undersigned granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismissed plaintiff's complaint with leave to amend, pursuant to § 1915A(b). The court noted that, although plaintiff generally challenged "the State of California's Policy of Discriminating Against African Americans in Law Enforcement Programs and Activities,"[1] the

---

[1] The complaint alleged generally that plaintiff and others had been denied adequate law enforcement protections, unequal to that provided white citizens, Compl. ¶ 11; that government officials and some private citizens have participated in a "vast racially motivated conspiracy to violate plaintiff's and others rights," including conspiring, or aiding or inciting others, to commit against plaintiff and others "attempted murder; attempted kidnap; torture; assault with a deadly weapon; assault; battery; intimidation by threats of violence; extortion; false imprisonment; malicious prosecution; robbery; burglary; breaking and entering into plaintiff's property;

court was unable to ascertain the precise conduct plaintiff challenged, against which defendant(s), and on what legal bases. Dckt. No. 3 at 4-5. Therefore, the complaint was dismissed for failure to state a claim, as well as failure to comply with the requirements of Federal Rule of Civil Procedure ("Rule") 8(a) (i.e., that the complaint set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them). *Id.* The court granted plaintiff leave to amend to cure these defects.

Thereafter, plaintiff filed a one hundred forty-three (143) page amended complaint and a one hundred fifty-five (155) page second amended complaint, both of which suffered from many of the same defects as plaintiff's previously filed complaint. After reviewing both complaints, the court dismissed them, again with leave to amend. Dckt. No. 9. The court noted that plaintiff disregarded the court's admonishments regarding Rule 8 and regarding other aspects of his pleading and claims, and found that the amended complaint and the second amended complaint each failed to comply with Rule 8(a)(2), in that they did not contain a short and plain statement of plaintiff's claims showing entitlement to relief. *Id.* at 4. The order added that "[p]laintiff's amended complaint and second amended complaint fail to concretely put any of the numerous named defendants on notice of how their specific action(s) resulted in a violation of plaintiff's civil rights," and stated that "because of the lack of brevity, the court cannot determine whether the amended complaint and second amended complaint are frivolous or whether they can be amended to state a claim." *Id.* Nonetheless, the court noted that plaintiff appeared to be alleging that he was treated disparately based on his race; set forth what plaintiff's complaint must allege in order to state a claim for a violation of the equal protection clause and to state a claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985; reminded plaintiff that prosecutors are immune from liability under § 1983 for their conduct insofar as it is "intimately associated" with the judicial phase of the criminal process; reminded plaintiff that his claims for damages against the state, its

---

perjury; forgery; unlawful sexual conduct; and unlawful search and seizure of plaintiff's property causing plaintiff to lose income." Compl. ¶ 12.

agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity; reminded plaintiff that he could not assert claims on behalf of other individuals or a class; and then provided plaintiff with leave to file a third amended complaint that complies with Rule 8 and that remedies all of the deficiencies addressed in the order. *Id.* at 5-7.

Also, on March 17, 2010, plaintiff moved for a temporary restraining order preventing the State of California and her attorneys, officers, municipalities, agencies, employees, and all persons in active concert with them:

> (1) from continuing to use intimidation by threats of violence and threats of arrest to prevent plaintiff and his family from returning to his residence located at 5617 Bonniemae Way Sacramento, California 95824 and his personal property; and (2) from further prosecuting the unlawful detainer action in the matter of *McGee v. McGee et al.*, No. 09UD12194.

Dckt. No. 8 at 1. However, because plaintiff had not demonstrated any likelihood of success on the merits and because his motion was procedurally deficient, his motion for a temporary restraining order was denied. Dckt. Nos. 9, 17.

On June 29, 2010, plaintiff filed a two hundred and six (206) page third amended complaint, naming more than one hundred and fifty defendants and asserting thirty-seven causes of action. Dckt. No. 12. Then, on July 12, 2010, plaintiff filed another motion for a temporary restraining order and a motion for a preliminary injunction, which plaintiff noticed for hearing on August 25, 2010. Dckt. No. 13. For the reasons stated herein, plaintiff's third amended complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b) with leave to file one further amended complaint, and the undersigned will recommend that plaintiff's motion for a temporary restraining order and a preliminary injunction be denied.

DISMISSAL OF THIRD AMENDED COMPLAINT

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3

1 it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
2 *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
3 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
4 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
5 a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
6 relief above the speculative level on the assumption that all of the complaint's allegations are
7 true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
8 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
9 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10 In reviewing a complaint under this standard, the court must accept as true the allegations
11 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
12 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
13 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although *pro se* pleadings
14 are liberally construed, a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of
15 the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to plead "factual content
16 that allows the court to draw the reasonable inference that the defendant is liable for the
17 misconduct alleged. " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  This plausibility
18 requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer
19 possibility that a defendant has acted unlawfully."  *Id.*  Moreover, the court's liberal
20 interpretation of a pro se complaint may not supply essential elements of a claim that are not
21 plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), and  "[t]he court is not required to
22 accept legal conclusions cast in the form of factual allegations if those conclusions cannot
23 reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752,
24 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted
25 deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
26 ////

A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b). *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad . . . .").

Once again, plaintiff's third amended complaint fails to comply with Rule 8 and with the court's previous orders. Although plaintiff's third amended complaint generally sets forth each separate claim for relief and the defendants alleged therein, most of the claims do not contain factual allegations specific to those claims for relief. Rather, almost all of plaintiff's factual allegations are included within plaintiff's first claim for relief and the defendants plaintiff seeks to name on that claim are not identified. Moreover, as noted above, the third amended complaint is 206 pages and asserts 37 claims against more than 150 defendants.

More importantly, plaintiff's third amended complaint fails to correct many of the substantive deficiencies delineated in the court's previous orders. Specifically, plaintiff (1) improperly continues to include factual allegations regarding injuries to other non-party individuals, *see McShane v. United States*, 366 F.2d 286 (9th Cir. 1966) (a layperson cannot ordinarily represent the interests of a class); (2) improperly continues to assert claims against immune defendants, *see Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) ("[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process.") *and Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (plaintiff's claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity); (3) improperly continues to assert claims against private defendants under § 1983, *see West v. Atkins*, 487 U.S. 42, 48 (1988) (in order to state a claim under § 1983, a plaintiff

5

must allege the violation of a federal constitutional or statutory right, *and* that the violation was committed by a person acting under the color of state law); and (4) continues to assert claims against municipalities (and their departments) under § 1983 without showing that an official policy or custom caused the alleged constitutional torts, *see Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Ortez v. Wash. County*, 88 F.3d 804, 811 (9th Cir. 1996) ("A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy."). The complaint also improperly includes numerous factual allegations based on conduct that occurred well in advance of the applicable statutes of limitations, including factual allegations dating back to 1979, and also improperly includes allegations that are barred under the doctrine of res judicata, at least as to those defendants who were parties or privities of the defendants named in plaintiff's earlier actions before this court. *See* No. CIV. S-05-2632 GEB/EFB, Dckt. No. 86; *see also Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971) (a federal claim may be barred by res judicata where an earlier lawsuit involved the same claim, the same parties or their privities, and resulted in a final judgment on the merits).[2]

Additionally, although almost all of plaintiff's claims allege racial discrimination (and a vast conspiracy to racially discriminate), pursuant to 42 U.S.C. § 1981 (claims 1, 7, 9, 14, 18, 20, 24, 26, and 30), § 1982 (claims 2, 8, 9, 13, 14, 19, 20, 25, 26, and 31), § 1983 (claims 3, 14, and 32), § 1985 (claims 4, 10, 15, 21, 27, and 33), § 1986 (claims 5, 11, 16, 22, 28, and 34), and § 2000a (claims 6, 9, 12, 13, 14, 17, 20, 23, 26, 29, and 35), and California Civil Code sections 51 and 52 (claims 36 and 37), at no point does plaintiff sufficiently demonstrate that any of the named defendants acted with specific racial animus or discriminatory intent.  Plaintiff merely

---

[2] Although the court notes that it is generally inappropriate to raise a claim preclusion bar *sua sponte*, it may do so when it is on notice that it previously decided the issues presented. *Arizona v. California*, 530 U.S. 392, 412 (2000).  Here, plaintiff himself brought his previous lawsuits to the court's attention. *See* Third Am. Compl., Dckt. No. 12, at 134.

concludes that each of the actions taken by defendants were fueled by racial animus.  Therefore, plaintiff has not stated a claim under section 1983 for violation of the equal protection clause, which requires that plaintiff show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  For the same reasons, plaintiff has not stated a claim under section 1981, which prohibits racial discrimination by private parties and state actors in the making and enforcement of contracts;[3] nor has he stated a claim under section 1982, which prohibits racial discrimination with regard to property rights; and he has not stated a claim under section 2000a, which prohibits discrimination or segregation in places of public accommodation.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Pittman v. Or., E'ment Dep't*, 509 F.3d 1065, 1067 (9th Cir. 2007); *City of Memphis v. Greene*, 451 U.S. 100, 122 (1981).

     Nor has plaintiff stated a claim under section 1985.  Section 1985 proscribes conspiracies to interfere with civil rights.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990).  To state a claim for conspiracy under section 1985(3), a plaintiff must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Further, a plaintiff must allege that some racial, or class-based, invidiously discriminatory animus lay behind the conspirators' action.  *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, (1993) (internal citations and quotations omitted)).  Here, plaintiff fails to allege a conspiracy between the defendants, let alone one that was aimed at interfering with his constitutional rights.  *Butler*, 281 F.3d at 1028.  Again, plaintiff has failed to state any basis for his claims of racial animus and has

---

[3] Nor has plaintiff alleged that he was discriminated against due to his race *in the making and/or enforcement of a contract*.

7

provided this court only with a list of instances that he believes show that he has suffered discrimination at the hands of the state. Plaintiff, however, has not stated anything to indicate that the actions of defendants were propelled by racial animus. He relies solely on his own conclusory allegations in formulating his assertions. Thus, plaintiff fails to state a claim under section 1985. Further, there is no cause of action under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Plaintiff therefore fails to state a claim pursuant to section 1986.

Because it appears plaintiff alleges no basis for this court's jurisdiction and fails to articulate a cognizable claim for relief, and because plaintiff continues to fail to comply with the requirements of Rule 8, as discussed above, the court must dismiss the complaint. However, plaintiff is granted leave to file, within thirty days, a fourth amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). However, plaintiff is admonished that this is the last amendment that the court will permit, and any fourth amended complaint must strictly adhere to the directives set forth herein. Failure to do so will result in a recommendation that this action be dismissed without further leave to amend.

Plaintiff is encouraged to set forth a short and plain statement of the relevant facts, followed by a brief statement of each legal claim, sequentially setting forth the elements of each claim, and how the facts of this case specifically satisfy those elements, with reference to the challenged conduct of each defendant. Additionally, should plaintiff choose to file a fourth amended complaint, the complaint shall be limited to no more than 30 pages in length, a limitation intended to support, rather than handicap, plaintiff in the proper amendment of his complaint.

In the fourth amended complaint, plaintiff shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each

such defendant. He shall not include any new claims or defendants and shall remove from his fourth amended complaint any claims and defendants that do not adhere to the directives set forth herein. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

TEMPORARY RESTRAINING ORDER

Plaintiff again moves for a temporary restraining order and a preliminary injunction, and plaintiff noticed the hearing on his motion for August 25, 2010. Dckt. No. 13. Plaintiff seeks a temporary restraining order prohibiting the State of California, the California Governor, the California Attorney General, the California Department of Justice, the California State Senate, and the California State Assembly:

> (1) from continuing to use intimidation by threats of violence and threats of arrest to prevent plaintiff and his family from returning to his residence located at 5617 Bonniemae Way Sacramento, California 95824;
> (2) from further prosecuting the unlawful detainer action in the matter of *McGee v. McGee et al.*, No. 09UD12194; [and]
> (3) from further using law enforcement programs and activities receiving federal financial assistance to unlawfully prevent plaintiff and his family from the same rights in the State of

California as are enjoyed by European Citizens.

Dckt. No. 13 at 2. Plaintiff also seek a preliminary injunction prohibiting defendants from, among other things, appropriating money to the executive branch of the California government until certain individuals who plaintiff alleges discriminated against him are removed from office, and continuing to deprive plaintiff of his right to enforce various rental contracts and leases regarding real property in which plaintiff alleges an interest. *Id.* at 2-6.

Although plaintiff's present motion for a temporary restraining order is more procedurally proper than his previous motion, plaintiff fails to meet the requirements for either a temporary restraining order or a preliminary injunction. "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Resources Defense Council, Inc.*, that the moving party must demonstrate that, absent an injunction, irreparable injury is not only possible, but likely. *Winter v. Natural Resources Defense Council, Inc.,* __ U.S. __, 129 S. Ct. 365, 375-76 (2008)*; Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* (quoting *Winter*, 129 S.Ct. at 375-76).

Here, plaintiff's third amended complaint is dismissed; therefore, plaintiff has not shown any likelihood of success on the merits, or even that serious questions have been raised. *See Alliance for Wild Rockies v. Cottrell*, __ F.3d __, 2010 WL 2926463, *3-4, 2010 Daily Journal D.A.R. 11,657 (filed July 28, 2010). Therefore, the undersigned will recommend that plaintiff's

1  motion for a temporary restraining order and preliminary injunction be denied.

2  Accordingly, it is hereby ORDERED that:

3  1. The hearing on plaintiff's motion for a temporary restraining order and preliminary
4  injunction, Dckt. No. 13, is vacated; and

5  2. Plaintiff's third amended complaint, Dckt. No. 12, is dismissed with leave to file a
6  fourth amended complaint as stated herein, within thirty (30) days of the filing date of this order.
7  Failure to file a fourth amended complaint will result in a recommendation that this action be
8  dismissed.

9  Further, it is RECOMMENDED that plaintiff's application for a temporary restraining
10 order and preliminary injunction, Dckt. No. 13, be denied.

11 These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
18 DATED:  August 24, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE