IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. McGEE,

        Plaintiff,                       No. CIV S-09-0740 GEB EFB PS

    vs.

THE STATE OF CALIFORNIA, et al.,

                                   <u>ORDER AND</u>
        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

       This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), directs the court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Currently before the court are plaintiff's fourth amended complaint, Dckt. No. 19, and plaintiff's motion for a temporary restraining order and preliminary injunction, Dckt. No. 22. The court has reviewed that complaint as required by section 1915(e)(2), and for the reasons stated herein, the undersigned recommends that plaintiff's fourth amended complaint be dismissed without leave to amend. The court further recommends that the motion for a temporary restraining order and preliminary injunction be denied, and that the Clerk be directed

1

to close this case.

I.  PROCEDURAL HISTORY

    A.  <u>Plaintiff's Complaints in This Action</u>

        1.  <u>Plaintiff's Original Complaint</u>

Plaintiff's initial complaint in this action, Dckt. No. 1, challenges "the State of California's Policy of Discriminating Against African Americans in Law Enforcement Programs and Activities," and alleges generally that plaintiff and others had been denied adequate law enforcement protections, unequal to that provided white citizens, Compl. ¶ 11; that government officials and some private citizens have participated in a "vast racially motivated conspiracy to violate plaintiff's and others rights," including conspiring, or aiding or inciting others, to commit against plaintiff and others "attempted murder; attempted kidnap; torture; assault with a deadly weapon; assault; battery; intimidation by threats of violence; extortion; false imprisonment; malicious prosecution; robbery; burglary; breaking and entering into plaintiff's property; perjury; forgery; unlawful sexual conduct; and unlawful search and seizure of plaintiff's property causing plaintiff to lose income."  Compl. ¶ 12.

On October 19, 2009, plaintiff's complaint was dismissed with leave to amend, pursuant to § 1915A(b), for failure to state a claim, as well as failure to comply with the requirements of Federal Rule of Civil Procedure 8(a) (i.e., that the complaint set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them).  Dckt. No. 3.  The court noted that it was unable to ascertain the precise conduct plaintiff challenged, against which defendant(s), and on what legal bases.  *Id.* at 4-5.

        2.  <u>Plaintiff's First Amended and Second Amended Complaints</u>

Thereafter, plaintiff filed a 143 page amended complaint and a 155 page second amended complaint, both of which suffered from many of the same defects as plaintiff's previously-filed complaint.  Dckt. Nos. 4, 5.  Plaintiff also filed a request that the court permit the California attorney general to intervene and to certify the case of general public importance, Dckt. No. 6,

and a motion for a temporary restraining order, Dckt. Nos. 7, 8.

After reviewing both complaints, the court dismissed them, again with leave to amend. Dckt. No. 9. The court noted that plaintiff had disregarded the court's specific admonishments regarding the requirements of Rules 8 and 12 for a pleading to state a claim, and found that the amended complaint and the second amended complaint each failed to comply with Rule 8(a)(2), in that they did not contain a short and plain statement of plaintiff's claims showing entitlement to relief. *Id*. at 4. The order added that "[p]laintiff's amended complaint and second amended complaint fail to concretely put any of the numerous named defendants on notice of how their specific action(s) resulted in a violation of plaintiff's civil rights," and stated that "because of the lack of brevity, the court cannot determine whether the amended complaint and second amended complaint are frivolous or whether they can be amended to state a claim." *Id.* Nonetheless, the court noted that plaintiff appeared to be alleging that he was treated disparately based on his race and described for plaintiff what sort of detail his complaint must allege in order to state a claim for a violation of the equal protection clause and to state a claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. The court reminded plaintiff that prosecutors are immune from liability under § 1983 for their conduct insofar as it is "intimately associated" with the judicial phase of the criminal process; reminded plaintiff that his claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity; reminded plaintiff that he could not assert claims on behalf of other individuals or a class; and then provided plaintiff with leave to file a third amended complaint that complies with Rule 8 and that remedies all of the deficiencies addressed in the order. *Id*. at 5-7. The order also denied plaintiff's request that the Court permit the Attorney General to intervene and recommended denial of plaintiff's motions for a temporary

////
////
////

restraining order.[1]  *Id.* at 8-10.

### 3. Plaintiff's Third Amended Complaint

On June 29, 2010, plaintiff filed a 206 page third amended complaint.  That complaint named more than 150 defendants and purported to assert 37 causes of action. Dckt. No. 12. Then, on July 12, 2010, plaintiff filed another motion for a temporary restraining order and a motion for a preliminary injunction. Dckt. No. 13.

On August 24, 2010, the undersigned issued an order and findings and recommendations dismissing plaintiff's third amended pursuant to 28 U.S.C. § 1915A(b) with leave to file one further amended complaint, and recommending that plaintiff's motion for a temporary restraining order and a preliminary injunction be denied.[2]  Dckt. No. 18.

The August 24 order noted that, once again, plaintiff's third amended complaint failed to comply with Rule 8 and with the court's previous orders.  The court noted that most of the claims did not contain factual allegations specific to plaintiff's claims for relief; rather, almost all of plaintiff's factual allegations were included within plaintiff's first claim for relief and the defendants whom plaintiff intended to name on that claim were not identified.  *Id.* at 5. Additionally, the court found that plaintiff's third amended complaint failed to correct many of the substantive deficiencies delineated in the court's previous orders.  Specifically, plaintiff (1) improperly continues to include factual allegations regarding injuries to other non-party individuals, (2) improperly continues to assert claims against immune defendants, (3) improperly continued to assert claims against private defendants under § 1983 with no facts showing that they acted under color of state law, and (4) continued to assert claims against municipalities (and their departments) under § 1983 without showing that an official policy or custom caused the

---

[1] The district court adopted the findings and recommendations in full on August 9, 2010 and denied plaintiff's motions for a temporary restraining order. Dckt. No. 17.

[2] The district court adopted the findings and recommendations in full on October 1, 2010 and denied plaintiff's motion for a temporary restraining order and a preliminary injunction. Dckt. No. 21.

4

alleged constitutional torts. *Id.* at 5-6.

The third amended complaint also improperly included numerous factual allegations based on conduct that occurred well in advance of the applicable statutes of limitations, including factual allegations dating back to 1979, and also improperly included allegations that are barred under the doctrine of res judicata, at least as to those defendants who were parties or privities of the defendants named in plaintiff's earlier actions before this court. *Id.* at 6. Further, although almost all of plaintiff's claims alleged racial discrimination (and a vast conspiracy to racially discriminate), pursuant to 42 U.S.C. § 1981 (claims 1, 7, 9, 14, 18, 20, 24, 26, and 30), § 1982 (claims 2, 8, 9, 13, 14, 19, 20, 25, 26, and 31), § 1983 (claims 3, 14, and 32), § 1985 (claims 4, 10, 15, 21, 27, and 33), § 1986 (claims 5, 11, 16, 22, 28, and 34), and § 2000a (claims 6, 9, 12, 13, 14, 17, 20, 23, 26, 29, and 35), and California Civil Code sections 51 and 52 (claims 36 and 37), at no point did plaintiff sufficiently demonstrate that any of the named defendants acted with specific racial animus or discriminatory intent. Plaintiff merely concluded that each of the actions taken by defendants were fueled by racial animus. Therefore, the court noted that plaintiff had not stated a claim under § 1983 for violation of the equal protection clause, which requires that plaintiff show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Id.* at 6-7.

For the same reasons, the court noted that plaintiff had not stated a claim under § 1981, which prohibits racial discrimination by private parties and state actors in the making and enforcement of contracts; had not stated a claim under § 1982, which prohibits racial discrimination with regard to property rights; and had not stated a claim under § 2000a, which prohibits discrimination or segregation in places of public accommodation. *Id.* at 7. The court further found that because plaintiff failed to allege a conspiracy between the defendants, let alone one that was aimed at interfering with his constitutional rights, and because plaintiff failed to state any basis for his claims of racial animus, plaintiff failed to state a claim under § 1985 and § 1986.

5

Accordingly, because plaintiff alleged no basis for this court's jurisdiction, failed to articulate a cognizable claim for relief, and failed to comply with the requirements of Rule 8, the third amended complaint was dismissed. *Id.* at 8. Plaintiff was granted leave to file a fourth amended complaint, but was "admonished that this is the last amendment that the court will permit, and any fourth amended complaint must strictly adhere to the directives set forth [t]herein." *Id.* at 9. Plaintiff was further admonished that "[f]ailure to do so will result in a recommendation that this action be dismissed without further leave to amend." *Id.*

B.  Plaintiff's Other Actions Before This Court

Plaintiff has frequented this court on numerous occasions with his *pro se* litigation. A review of the court's dockets indicates that plaintiff has filed over ten complaints, including several complaints alleging the same conspiracy to violate his civil rights against several of the same defendants. *See* 2:98-mc-00124-FCD-PAN, *McGee v. Craig, et al.*; 2:98-mc-00125-GEB-DAD *McGee v. Craig, et al.* (converted to 2:98-cv-1026); 2:98-mc-00321-DFL-PAN, *People of the State v. McGee, et al.*; 2:98-cv-01026-FCD-PAN, *McGee, et al. v. Craig, et al.*, Dckt. No. 216 ("In a 188-page complaint filed June 3, 1998, plaintiffs complain that more than 200 defendants, including the Governor of the State of California, the State Attorney General, the Sacramento District Attorney, a newspaper, a school district, little league baseball, and officers of state and local agencies, among others, conspired to deny plaintiffs' civil rights."); 2:00-mc-00205-GEB-DAD, *Hildebrand v. McGee*; 2:00-cv-01578-GEB-DAD, *Hildebrand v. McGee*; 2:01-mc-00179-LKK-PAN, *McGee, et al. v. Davis*; 2:04-cv-00283-GEB-KJM, *McGee v. People of the State of California*; 2:04-cv-02598-LKK-DAD, *McGee v. Schwarzenegger*, Dckt. No. 133 ("The amended complaint contains only conclusory allegations such as assertions that defendants have 'refused to protect plaintiff's property'; 'refused to enforce a restraining order of the Superior Court of California'; 'unlawfully tak[en] plaintiff's property'; 'denied [plaintiff] equal rights in licensing, and interfered with his business relationships'; and 'refused to provide for the health,

6

safety, peace, comfort, and convenience of plaintiff's person, property, customers, and employees on the same and equal basis that they provide for white citizens', for example. Moreover, without explanation the amended complaint refers to a confusing array of statutory provisions including 28 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988 as well as 42 U.S.C. § 2000, presumably in reference to Title VII of the Civil Rights Act of 1964. Finally, the amended complaint contains wide-ranging allegations of conspiracy and violations of plaintiff's constitutional rights and prays for hundreds of millions of dollars in monetary relief."); 2:05-cv-00134-FCD-PAN, *MMDD Sacramento Project v. McGee*; 2:05-cv-00339-WBS-DAD, *McGee v. MMDD Sacramento Project, et al.*; 2:05-cv-02632-GEB-EFB, *McGee v. CA State Senate, et al.*, Dckt. No. 86 ("The complaint, which is eighty pages in length and names over thirty defendants, consists of rambling allegations regarding an alleged racially-motivated conspiracy to violate plaintiff's civil rights."); 2:06-cv-00495-MCE-GGH, *McGee et al. v. Seagraves et al.*, Dckt. No. 12 ("Petitioners allege that respondents have violated their civil rights under 42 U.S.C. §§ 1981, 1982 and 2000 through discrimination against African Americans."); 2:10-cv-00137-KJM, *McGee v. Attorney General State of California*.

II. DISCUSSION

    A.    Plaintiff's Fourth Amended Complaint

On September 23, 2010, plaintiff filed a fourth amended complaint in this action. Dckt. No. 19. Although the complaint is significantly shorter in length than his previous complaints (36 pages), it names 153 defendants and alleges 25 causes of action. *Id.* The fourth amended complaint still challenges "the State of California's Policy of Discriminating Against African Americans in Law Enforcement Programs and Activities," and alleges causes of action pursuant to 42 U.S.C. §§ 1981 (claims 1, 2, 3, 4, 5, and 6), § 1982 (claims 7, 8, 9, 10, 11, and 12), § 1983 (claims 13, 14, and 15), § 1985 (claim 16), § 1986 (claim 17), and § 2000a (claims 18, 19, 20, 21, 22, and 23), and California Civil Code sections 51 and 52 (claims 24 and 25). *Id.*

////

Additionally, many of the 153 defendants named in the fourth amended complaint have been named in one or more of plaintiff's previous actions before this court. Specifically, the fourth amended complaint asserts claims against the following defendants:

**Claims 1, 7, 13, 16, 17, 18, 24, 25:** State of California; Arnold Schwarzenegger, also named in 04-cv-2598, 05-cv-2632; Gray Davis, 98-cv-1026, 01-mc-179; Pete Wilson, 98-cv-1026, 01-mc-179; Edmund G. Brown; Bill Lockyer, 98-cv-1026, 01-mc-179, 04-cv-2598, 05-cv-2632; Daniel Lungren, 98-cv-1026, 01-mc-179; Jerry Meyer, 04-cv-2598, 05-cv-2632; Investigator Freitas, 05-cv-2632; Investigator Sutton, 05-cv-2632; Reba Chastain, 05-cv-2632; Dean Leuder, 05-cv-2632; Daniela Petouka, 05-cv-2632; Boston Whitney, 05-cv-2632; Diana Fouts, 05-cv-2632; CA State Senate, 05-cv-2632; CA State Assembly, 05-cv-2632; Donald Perata, 05-cv-2632; Fabian Nunez, 05-cv-2632; Jacob Applesmith; Stacy Eurie; Tamara Morgan; Geraldine Reyes, 98-cv-1026 (not claim 1); Barbra Osborne, 98-cv-1026, 01-mc-179 (not claim 1); Penny Sandborne, 98-cv-1026, 01-mc-179 (not claim 1); Nancy Gutierrez, 98-cv-1026, 01-mc-179 (not claim 1); Gordon Piper (not claim 1)

**Claims 2, 8, 16, 17, 19, 24, 25:** Sacramento County, 98-cv-1026, 01-mc-179, 04-cv-2598, 05-cv-2632; Jan Scully, 98-cv-1026, 01-mc-179, 04-cv-2598, 05-cv-2632; Al Locher, 01-mc-179, 04-cv-2598, 05-cv-2632; Kelley Chandler; Joseph Alexander, 01-mc-179; Curtis Fiorini; Deborah Lobre, 05-cv-2632; Paulino Duran; Sheila Ramos, 01-mc-179; Kenneth Rosenfeld, 01-mc-179 (not claim 19); Glen Craig, 98-cv-1026, 01-mc-179; Lou Blanas, 98-cv-1026, 01-mc-179, 04-cv-2598, 05-cv-2632; John McGuiness; Glenn Powell, 98-cv-1026, 01-mc-179; Robert Denham, 98-cv-1026, 01-mc-179; Christine Hess, 98-cv-1026, 01-mc-179; Gary Cheris, 01-mc-179; Richard Twilling, 98-cv-1026, 01-mc-179; Huzar, 01-mc-179; Deputy Atkins, 98-cv-1026, 01-mc-179; Craig Goncalves, 01-mc-179; Nick Goncalves, 98-cv-1026, 01-mc-179; Jeffery Nelson, 98-cv-1026, 01-mc-179; Deputy Ladas, 98-cv-1026, 01-mc-179; Deputy Karvonen, 98-cv-1026, 01-mc-179; Deputy Baugh, 98-cv-1026, 01-mc-179; Deputy Peterson, 98-cv-1026, 01-mc-179; Deputy Hutchinson, 98-cv-1026, 01-mc-179; Deputy Santin, 01-mc-179; K. Papineau, 98-cv-1026, 01-mc-179; Geyser, 01-mc-179; Randazzo, 01-mc-179; Leary; Robert Ryan, 01-mc-179; Anthony Wright, 01-mc-179; City of Citrus Heights; Julie Howard, 98-cv-1026, 01-mc-179; John Hildebrand, 01-mc-179; Gaylord Mann, 01-mc-179; Longyear O'Dea Lavara LLP; John Lavara; Alison Sandman; Randolfe Creeger Chalfant LLP; Robert Chalfant

**Claims 3, 9, 14, 16, 17, 20, 24, 25:** Little League Baseball Inc., 98-cv-1026, 01-mc-179; Florin Little League Baseball Inc., 98-cv-1026, 01-mc-179; Harvey Woods, 98-cv-1026, 01-mc-179; Al Smith, 98-cv-1026, 01-mc-179; Silvia Roberts, 01-mc-179; Eileen Maza; Gordon Stevens, 01-mc-179; Billy Miles, 01-mc-179; Michelle Miles; Anne Johnson, 01-mc-179; Lorie Wittman, 01-mc-179; Dennis O'Flaherty, 98-cv-1026, 01-mc-179; Robert Bartosh, 98-cv-1026, 01-mc-179; Martin Andrews, 98-cv-1026, 01-mc-179; Mike Crosby, 98-cv-1026, 01-mc-179; Tony Flint, 01-mc-179; Anthony Lederer, 01-mc-179; Tracy Contreras, 98-cv-1026, 01-mc-179; Chuck King, 01-mc-179; Lee Thomas, 98-cv-1026, 01-mc-179; Elk Grove Unified School District, 98-cv-1026,

8

01-mc-179; Officer Gary Jones, 98-cv-1026, 01-mc-179; Officer Lozzano, 98-cv-1026, 01-mc-179; Southgate Recreation and Park District; Elk Grove Unified School District Police Department (not claims 3, 9, 20)

**Claims 4, 10, 16, 17, 21, 24, 25:** City of Elk Grove, 01-mc-179; Ed Flint, 05-cv-2632; James Cooper, 01-mc-179; Sophia Sherman, 01-mc-179; Dan Briggs, 01-mc-179; Rick Soares, 01-mc-179; Mike Leary, 01-mc-179; Anthony Manzanetti, 01-mc-179; Detective Mark Bearor, 05-cv-2632; Deputy Keller, 05-cv-2632; Deputy Kawamoto, 05-cv-2632; Deputy K. Ball; Deputy Rebecca Roberts, 01-mc-179; Lt. Bravos, 05-cv-2632; Auto Finance; Al Stoler; Best Recovery; Matthew Anderson

**Claims 5, 11, 16, 17, 22, 24, 25:** City of Sacramento, 01-mc-179, 04-cv-2598, 05-cv-2632; City of Sacramento Police Department, Heather Fargo, 01-mc-179, 04-cv-2598, 05-cv-2632; Robbie Waters, 04-cv-2598, 05-cv-2632; Bonnie Pannell, 04-cv-2598, 05-cv-2632; Laura Hammond; Ray Trethway; Robert Fong; Arturo Venegas, 01-mc-179; Albert Najera, 04-cv-2598, 05-cv-2632; Eileen Teichert; Don Cashmiere, 01-mc-179; Joseph Russell; Robert Thomas, 01-mc-179; Officer Bailey, 04-cv-2598, 05-cv-2632; Kevin Johnson, 01-mc-179; Officer Peace, 05-cv-2632; James Stinson, 04-cv-2598, 05-cv-2632 (not claim 22); Doubletree Hotel/Hilton, 01-mc-179 (not claims 5, 11)

**Claims 6, 12, 15, 16, 17, 23, 24, 25:** MMDD Sacramento Project, 05-cv-2632; Mel Di Salvo, 05-cv-2632; Asset Investment Managers, Inc., 05-cv-2632; John Lawrence Tiner, 05-cv-2632; Willie Richardson, 05-cv-2632; John Benjamin Tiner, 05-cv-2632; Edward Brenner, 05-cv-2632; Thomas Hogan, 05-cv-2632; Gurnee & Daniels LLP; Ellen Claire Arabian; Jerry Duncan; Sacramento Delta Property Management, Inc.; John T. White; Law Offices of Gary L. Link, LLP; Gary L. Link; Mark McGee; Thomas McGee; Barbra McGee; Golden Valley Financial Inc.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), there are limits to the lenity that may be extended to the pro se litigant. A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41(1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories

9

or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Liberal construction of pro se pleadings does not excuse the requirement that a pro se plaintiff must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Moreover, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), and "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b). *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad . . . .").

Once again, plaintiff's fourth amended complaint fails to comply with Rule 8 and with the court's previous orders. Although the fourth amended complaint generally sets forth each

separate claim for relief and the defendants alleged therein, most of the claims still do not contain factual allegations specific to those claims for relief. Moreover, as noted above, the fourth amended complaint asserts 25 claims against more than 150 defendants and does not provide clear allegations showing the facts as to each defendant that gives rise to liability under a specific cause of action.

Plaintiff's fourth amended complaint also fails to correct many of the substantive deficiencies delineated in the court's previous orders. Plaintiff still (1) improperly continues to assert claims against immune defendants, *see Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) ("[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process.") *and Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (plaintiff's claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity); *Bogan v. Scott-Harris,* 523 U.S. 44, 46 (1998) (state legislators have long been accorded absolute immunity from civil liability under § 1983 for their legislative activities);  (2) improperly continues to assert claims against private defendants under § 1983, *see West v. Atkins*, 487 U.S. 42, 48 (1988) (in order to state a claim under § 1983, a plaintiff must allege the violation of a federal constitutional or statutory right, and that the violation was committed by a person acting under the color of state law); and (3) continues to assert claims against municipalities (and their departments) under § 1983 without showing that an official policy or custom caused the alleged constitutional torts, *see Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Ortez v. Wash. County*, 88 F.3d 804, 811 (9th Cir. 1996) ("A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting

////

////

11

injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy.").[3]

The complaint also improperly includes allegations that are barred under the doctrine of res judicata, at least as to those defendants who were parties or privities of the defendants named in plaintiff's earlier actions before this court. *See* 2:98-mc-00321-DFL-PAN; 2:04-cv-02598-LKK-DAD; 2:05-cv-02632-GEB-EFB; *see also Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971) (a federal claim may be barred by res judicata where an earlier lawsuit involved the same claim, the same parties or their privities, and resulted in a final judgment on the merits).[4]

Additionally, although almost all of plaintiff's claims allege racial discrimination (and a vast conspiracy to racially discriminate), pursuant to 42 U.S.C. §§ 1981 (claims 1, 2, 3, 4, 5, and 6), § 1982 (claims 7, 8, 9, 10, 11, and 12), § 1983 (claims 13, 14, and 15), § 1985 (claim 16), § 1986 (claim 17), and § 2000a (claims 18, 19, 20, 21, 22, and 23), and California Civil Code sections 51 and 52 (claims 24 and 25), at no point does plaintiff sufficiently demonstrate that any of the named defendants acted with specific racial animus or discriminatory intent. Plaintiff merely concludes that each of the actions taken by defendants were fueled by racial animus. Therefore, plaintiff has not stated a claim under § 1983 for violation of the equal protection clause, which requires that plaintiff show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.

---

[3] "The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984); *see also Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

[4] Although the court notes that it is generally inappropriate to raise a claim preclusion bar *sua sponte*, it may do so when it is on notice that it previously decided the issues presented. *Arizona v. California*, 530 U.S. 392, 412 (2000). Here, plaintiff himself brought his previous lawsuits to the court's attention. *See* Third Am. Compl., Dckt. No. 12, at 134.

For the same reasons, plaintiff has not stated a claim under § 1981, which prohibits racial discrimination by private parties and state actors in the making and enforcement of contracts.[5] Nor has he stated a claim under § 1982, which prohibits racial discrimination with regard to property rights; and he has not stated a claim under § 2000a, which prohibits discrimination or segregation in places of public accommodation. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Pittman v. Or., E'ment Dep't*, 509 F.3d 1065, 1067 (9th Cir. 2007); *City of Memphis v. Greene*, 451 U.S. 100, 122 (1981).

Nor has plaintiff stated a claim under § 1985. Section 1985 proscribes conspiracies to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990). To state a claim for conspiracy under § 1985(3), a plaintiff must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Further, a plaintiff must allege that some racial, or class-based, invidiously discriminatory animus lay behind the conspirators' action. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, (1993) (internal citations and quotations omitted)). Here, plaintiff fails to allege a conspiracy between the defendants, let alone one that was aimed at interfering with his constitutional rights. *Butler*, 281 F.3d at 1028. Again, plaintiff has failed to state any basis for his claims of racial animus and has provided this court only with a list of instances that he believes show that he has suffered discrimination at the hands of the state. Plaintiff, however, has not stated anything to indicate that the actions of defendants were propelled by racial animus. He relies solely on his own

---

[5] Nor has plaintiff alleged that he was discriminated against due to his race *in the making and/or enforcement of a contract*.

13

1 conclusory allegations in formulating his assertions.  Thus, plaintiff fails to state a claim under
2 § 1985.

3 Further, there is no cause of action under 42 U.S.C. § 1986 absent a valid claim for relief
4 under § 1985.  *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).  Plaintiff therefore fails
5 to state a claim pursuant to § 1986.

6 Plaintiff has been provided several opportunities to correct the deficiencies in his
7 pleading and properly state a claim, if one can be stated.  He has been unable to do so.  Because
8 plaintiff alleges no basis for this court's jurisdiction and fails to articulate a cognizable claim for
9 relief, and because plaintiff continues to fail to comply with therequirements of Rule 8 and the
10 court's previous orders, as discussed above, the court must dismiss the complaint.  Given the
11 nature of the deficiencies discussed above, and considering that plaintiff already had several
12 opportunities to amend, it appears clear that plaintiff cannot cure the defects of this action.
13 Granting further leave to amend would be futile.  *See Reddy v. Litton Indus., Inc*., 912 F.2d 291,
14 296 (9th Cir. 1990); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.
15 1987).  Therefore, the undersigned will recommend that the amended complaint be dismissed
16 with prejudice.[6]

   B. <u>Plaintiff's Motion for a Temporary Restraining Order</u>

18 Plaintiff once again moves for a temporary restraining order and a preliminary injunction.
19 Dckt. No. 22.  However, plaintiff fails to meet the requirements for either a temporary restraining
20 order or a preliminary injunction.  "The standards for granting a temporary restraining order and
21 a preliminary injunction are identical."  *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160,
22 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839

---

[6] In the order dismissing plaintiff's third amended complaint with leave to amend, plaintiff was admonished that the amendment authorized by that order would be the last amendment that the court would permit, that any fourth amended complaint must strictly adhere to the directives set forth in that order, and that a failure to do so would result in a recommendation that this action be dismissed without further leave to amend. Dckt. No. 18.

n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Resources Defense Council, Inc*., that the moving party must demonstrate that, absent an injunction, irreparable injury is not only possible, but likely. *Winter v. Natural Resources Defense Council, Inc*., 129 S. Ct. 365, 375-76 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id*. (quoting *Winter*, 129 S.Ct. at 375-76).

Here, plaintiff's fourth amended complaint is dismissed without leave to amend; therefore, plaintiff has not shown any likelihood of success on the merits, or even that serious questions have been raised. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-50 (9th Cir. 2010). Therefore, the undersigned will recommend that plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

III.   CONCLUSION

Accordingly, it is hereby ORDERED that the hearing on plaintiff's motion for a temporary restraining order and preliminary injunction, Dckt. No. 22, is vacated.

It is further RECOMMENDED that:

1. Plaintiff's fourth amended complaint, Dckt. No. 19, be dismissed without leave to amend;

2. Plaintiff's application for a temporary restraining order and preliminary injunction, Dckt. No. 22, be denied; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE